IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2017 JAN 11 PM 2:16
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| ROBERTO TERRAZAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | NO. EP-13-CV-413-MAT |
| § | |
| CAROLYN W. COLVIN, § | |
| ACTING COMMISSIONER OF THE § | |
| SOCIAL SECURITY ADMINISTRATION, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision pursuant to 42 U.S.C. § 405(g). Plaintiff Roberto Terrazas ("Terrazas") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, respectively. Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment. 28 U.S.C. § 636(c); Local Court Rule CV-72. For the reasons set forth below, the Commissioner's decision will be **AFFIRMED**.

### I.     PROCEDURAL HISTORY

Terrazas worked as a security guard from 1994 to 2003 and as a floor technician and janitor from 2004 to 2009. (R. 30, 45).[1] He was fifty-three years old at the time of his hearing before the Administrative Law Judge ("ALJ"). (R. 30). Terrazas filed applications for DIB and SSI in June

---
[1] Reference to the record of administrative proceedings is designated by (R.[page number(s)]).

1

2011 in which he alleged disability beginning August 2, 2009, due to a brain tumor, swelling of his feet, and diabetes. (R. 132-45, 169). After his applications were denied initially and upon reconsideration, Terrazas requested a hearing. (R. 59-64, 72-78). On September 4, 2012, he appeared with his attorney for a hearing before the ALJ. (R. 26-48). On October 24, 2012, the ALJ issued a written decision denying benefits on the ground that Terrazas is able to perform work that exists in significant numbers in the national economy. (R. 10-20). On November 4, 2013, the Appeals Council denied Terrazas' request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-5).

Terrazas argues that: (1) the ALJ's residual functional capacity ("RFC") finding is not supported by substantial evidence; and (2) the ALJ failed to explain a conflict between the testimony of the vocational expert and the Dictionary of Occupational Titles.

## II.   DISCUSSION

### A. STANDARD OF REVIEW

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the

Commissioner, the Court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and his findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

### B. ANALYSIS OF TERRAZAS' CLAIMS

#### 1. *RFC is Supported by Substantial Evidence*

RFC is defined as the most an individual can still do despite his limitations. 20 C.F.R. §§ 404.1545, 416.945. The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite any physical and mental limitations. 20 C.F.R. §§ 404.1545, 416.945. The ALJ must consider the limiting effects of Plaintiff's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1545, 416.945, 404.1529, 416.929. However, a claimant's own subjective complaints, without supporting objective medical evidence, are insufficient to establish disability. *See* 20 C.F.R. §§ 404.1508, 416.908, 404.1528, 416.928, 404.1529, 416.929. The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Terrazas argues that the "ALJ's finding that Plaintiff has the RFC to perform a limited range of light work is inconsistent with the evidence of record and with the ALJ's own RFC

3

limitations restricting Plaintiff to walking two blocks and sitting for only 30 minutes at a time." (ECF. No. 20, at 4). Based on a thorough review of medical records and Terrazas' testimony at the hearing, the ALJ found that Terrazas had the RFC to perform light work with the following limitations: (1) no lifting with the right dominant upper extremity above the shoulder level; (2) he can only walk two blocks before having to stop; (3) he can sit for thirty minutes at a time and then has to get up and stretch for a couple of minutes; (4) he must avoid exposure to loud noise; and (5) he can only conduct routine, simple tasks. (R. 13).

The ALJ's determination that Terrazas had the RFC to perform a limited range of light work is harmonious with his RFC limitations and the definition of light work.[2] As Defendant points out, the ALJ did not restrict the number of hours per day that Terrazas can spend standing or walking, or the amount of weight that can be lifted, carried, pushed or pulled, and the limitations the ALJ did find regarding those actions are congruent with the light work requirements. (R. 13); *see* 20 C.F.R. §§ 404.1567, 416.967. Also, Terrazas' limited use of his right dominant upper extremity is not inconsistent with the ALJ's RFC determination. *See* SSR 83-12, 1983 WL 31253, at *4 (1983) ("Experience with persons who have lost the use of an upper extremity has shown that their potential occupational base is between the occupational bases for [sedentary work] and [light work.]"). Thus, the Court finds that the ALJ's determination that Terrazas had the RFC to perform

---

[2] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. §§ 404.1567(b), 416.967(b).

"'Frequent' means occurring from one-third to two-thirds of the time. Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time." SSR 83-10, at *6 (1983).

a limited range of light work is consistent with the ALJ's own RFC limitations.

Moreover, Terrazas has failed to show that the ALJ neglected to properly evaluate his impairments in determining his RFC. Simple recitations of Terrazas' testimony and citations to self-reports concerning conditions adequately addressed in the ALJ's written opinion are insufficient to prove that the ALJ erred in his RFC determination. Similarly, as Defendant notes, the medical history cited by Terrazas, which the ALJ addressed in detail in his written opinion, does not contain medical opinion evidence that contradicts the ALJ's findings. The testimony, self-reports, and medical history provided by Terrazas appear to be little more than an invitation for the Court to reweigh the evidence, which it is not permitted to do. Thus, the Court finds that there is substantial evidence in the record supporting the ALJ's RFC determination.

2. *The ALJ Properly Relied on the VE's Testimony*

Terrazas argues the ALJ committed reversible error by failing to explain a conflict between the testimony of the vocational expert ("VE") and the occupational definitions set out in the Dictionary of Occupational Titles ("DOT") as required by Social Security Ruling 00-4p. However, the Fifth Circuit has acknowledged that the DOT is not comprehensive and that "DOT job descriptions should not be given a role that is exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations." *Carey v. Apfel*, 230 F.3d 131, 145 (5th Cir. 2000). When there is an implied or indirect conflict between the expert's testimony and the DOT, the ALJ may rely on the VE's testimony if the record provides an adequate basis for doing so. *Id.* at 146.

Terrazas appears to be asserting there was an implied or indirect conflict because he has failed to identify any actual contradictions between the VE's testimony and the DOT. Instead he merely states that the jobs identified "exceed[] the exertional limits Plaintiff is capable of

5

performing" and that "the DOT does not address sit/stand options." (ECF No. 20, at 7). The ALJ accurately described Terrazas' limitations when posing hypotheticals to the VE (R. 45-46), and as discussed above the record as a whole supports the limitations articulated by the ALJ. Furthermore, the Court notes that Terrazas' attorney did not raise these alleged conflicts in a meaningful way during the hearing.[3] (R. 47); *see Carey*, 230 F.3d at 146-47 ("[C]laimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing."). Thus, the Court finds the ALJ did not err in relying on the VE's testimony.

### III.  CONCLUSION

**IT IS ORDERED** that the decision of the Commissioner will be **AFFIRMED**.

SIGNED and ENTERED this 11th day of January, 2017.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE

---

[3] Terrazas' attorney asked whether the jobs identified would still be applicable if Terrazas was "off task 20 percent of the day" to which the VE replied no. (R. 47).